## THE ATLAS.[1]

### HARRY v. THE ATLAS.

*(District Court, S. D. New York. May 26, 1890.)*

SEAMEN—WAGES—LIEN—PILOTS.

One who is engaged and ships as pilot of a vessel, whereon another stands as registered master, has a lien on the boat for his wages, although he may be in entire charge of her navigation.

In Admiralty.
*Wing, Shoudy & Putnam* and *Mr. Burlingham*, for libelant.
*Alexander & Ash*, for claimant.

BROWN, J. The libelant claims a lien upon the proceeds of the vessel for his wages as a pilot. The defense is that he was master, and, as such,

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

not entitled to a lien. The evidence shows that the libelant was engaged and shipped in the quality of pilot, and not in the character of master. Mr. Moquin was registered as master of the tug, and his name so appeared in the papers on board. Although Moquin did not at this time sail on the tug, he and his agent performed all the duties of master, except the duties of navigation, which the plaintiff, as pilot on board, performed. The libelant did not engage or discharge any of the men. He made no contract for the tug, determined none of her trips, and collected no bills, except such as were paid on the spot. In the case of *The M. Vandercook,* 24 Fed. Rep. 472, the libelant's name appeared on the enrollment of the vessel as master, and he made the usual master's oath. In *Willard* v. *Dorr,* 3 Mason, 92, Mr. Justice STORY says that the reason generally ascribed for denying to the master a privilege for his wages is that, when he contracts, he trusts to the personal credit of the owner; or, as Sir WILLIAM SCOTT says, he is supposed to stand on the security of his personal contract. If this be so, it is plain that when he contracts expressly for the position of master, and so enrolls himself on the ship's papers, *prima facie,* at least, there can be no lien, as in the case of *The M. Vandercook,* above cited; but that when he expressly contracts as pilot only, and another person stands as registered master, whether the latter sails on the tug or not, there can be no such *prima facie* assumption that he contracts on the personal credit of the owners. The presumption is plainly the other way, viz., that, having expressly engaged in the capacity of pilot only, both parties understood that he should be entitled to a pilot's privilege on the ship. Notwithstanding the circumstances adduced by the defense, such, I think, was the intention, as it was plainly the form, of this contract. The lien should therefore be allowed. Decree for libelant, with costs.